UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

COLBY L. DOUCETTE,                )
                                  )
            Plaintiff             )
                                  )
v.                                )        1:19-cv-00534-GZS
                                  )
AROOSTOOK COUNTY JAIL, et al.,    )
                                  )
            Defendants            )

**SUPPLEMENTAL RECOMMEDED DECISION**

Following a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I concluded that Plaintiff had not alleged any facts that would support a plausible claim against any of the defendants. (Recommended Decision at 4, ECF No. 6.) Accordingly, I recommended the Court dismiss the matter. (*Id.*)

After the recommended decision was issued, Plaintiff moved to amend his complaint, which motion was granted. (Motion, ECF No. 7; Order, ECF No. 8.) In his amendment to the complaint, in addition to reasserting some of the general allegations that would not support an actionable claim, *see Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"), Plaintiff asserts that he "suffered lack of water, shower, toilet usage for 12 days." (Amendment to complaint at 5, ECF No. 7.)

**DISCUSSION**

"It is undisputed that the treatment a prisoner receives in prison and the conditions

1

under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[1] *Farmer*, 511 U.S. at 847. That is, a prison official may be deliberately indifferent if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. The official must (1) be aware of facts from which the inference could be drawn that a

---

[1] Plaintiff's claim of a constitutional violation is governed by 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

substantial risk of serious harm exists and (2) actually draw the inference. *Id.*

While unsanitary conditions of confinement can constitute cruel and unusual punishment, actionable cases have involved prolonged exposure to unsanitary conditions, which exposure at a minimum consisted of multiple days. *Hutto v. Finney,* 437 U.S. 678, 686 – 87 (1978) ("[T]he length of confinement cannot be ignored .... A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months."); *see*, *e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (three days in proximity to human waste without adequate cleaning supplies deemed sufficient to state a non-frivolous claim); *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (affirming entry of summary judgment where plaintiff was subjected to an overflowed toilet for four days); *see also Davenport v. DeRobertis,* 844 F.2d 1310, 1316 (7th Cir.1988) ("limiting inmates to one shower a week does not violate the Eighth Amendment").

Regardless of whether Plaintiff's allegations could plausibly support an Eighth Amendment violation, Plaintiff has not alleged facts that would support a finding that the named corrections officers (Defendants Neureuther, Schools, Morrison) were responsible for the alleged deprivation. That is, Plaintiff has not described the alleged actionable conduct of any of the individual defendants.

Plaintiff also apparently attempts to assert a supervisory claim against Defendant Clossey, whom Plaintiff identifies as the Aroostook County Jail administrator.[2] Because

---

[2] Plaintiff alleges Defendant Clossey "did nothing to secure [his] well being." (Amendment to Complaint at 5.)

Plaintiff has not asserted an actionable claim against the officers whom Defendant Clossey might supervise, Plaintiff cannot maintain a supervisory claim against Defendant Clossey. *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 n.9 (1st Cir. 2009) ("Because we find there to be no underlying constitutional violation …, the claims of supervisory liability … must fail.").

## CONCLUSION

Based on the foregoing analysis and the analysis set forth in the Recommended Decision dated December 17, 2019, after a review of Plaintiff's complaint, as amended, pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. Any objections to the Recommended Decision dated December 17, 2019 (ECF No. 6), and/or this Supplemental Recommended Decision shall be due within fourteen (14) days of being served with this Supplemental Recommended Decision

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of January, 2020.